UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ralph Faiella

    v.                                       Civil No. 16-cv-088-JD
                                                  Opinion No. 2016 DNH 105
Green Tree Servicing LLC and
Federal National Mortgage
Association


O R D E R

Ralph Faiella brought a plea of title action in state court against the Federal National Mortgage Association ("Fannie Mae") and Green Tree Servicing LLC, now known as Ditech Financial LLC ("Ditech"), challenging the legality of a foreclosure that Ditech and Fannie Mae conducted on his residence.  Fannie Mae and Ditech removed the case to this court, asserting diversity jurisdiction.  Faiella moves to remand the case to state court or, in the alternative, requests that the court abstain from entertaining it.  Fannie Mae and Ditech oppose Ditech's motion to remand or abstain.

Ditech has also moved to dismiss the amended complaint against it on the grounds that it had no involvement in the foreclosure at issue.  Faiella objects to this motion.

Background

The facts below are derived from Faiella's amended complaint (doc. no. 9) and certain documents that Ditech has filed in support of its motion to dismiss, including the relevant mortgage, the foreclosure notice, and the foreclosure deed.  Because Faiella references the foreclosure notice and the mortgage in his amended complaint and does not dispute that the exhibits are authentic, the court will consider them in resolving Ditech's motion to dismiss.  See Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 7 (1st Cir. 2014) (considering documents referenced in plaintiff's complaint for motion to dismiss).  The court will also consider the foreclosure deed because it is a public record and Faiella does not dispute its authenticity.  Sykes v. RBS Citizens, N.A., 2 F. Supp. 3d 128, 142 n.14 (D.N.H. 2014)

A.   The Foreclosure

In 2007, Ralph Faiella obtained a loan that was secured by mortgage on a condominium property ("the property") in Plaistow, New Hampshire.  That mortgage was subsequently assigned to Fannie Mae.  Fannie Mae hired Ditech to service Faiella's loan on its behalf during the time period relevant to this dispute.  Faiella is currently residing in the property.

In 2015, Faiella fell behind on his mortgage payments. In September of 2015, foreclosure counsel for Fannie Mae sent Faiella a letter notifying him that a foreclosure sale on the property had been scheduled for October 16, 2015. The letter attached a notice from Fannie Mae informing Faiella that it was the holder of his mortgage and that it intended to initiate a foreclosure sale based on the power of sale clause in Faiella's mortgage.

Around the same time, Faiella spoke with a Ditech representative to arrange a payment on his mortgage that would bring his account up to date. In response to this conversation, Faiella sent a check to Ditech for the amount of unpaid debt through September. Ditech, however, returned Faiella's check with a letter requesting that Faiella contact Ditech to determine the correct reinstatement amount. Faiella contacted the same Ditech representative again, and the representative informed him that the amount of his check was correct but that the payment was rejected because it was not a cashier's check. Several days before the scheduled foreclosure, Faiella sent Ditech a cashier's check for the quoted reinstatement amount.

Notwithstanding Faiella's efforts, Fannie Mae foreclosed on the property as scheduled. Fannie Mae then recorded a foreclosure deed in the Rockingham Registry of Deeds for the

property. Pursuant to that deed, Fannie Mae as mortgagee granted the property to itself for a consideration of $106,500.

Faiella thought that the foreclosure had been cancelled based on his reinstatement check and did not learn about the foreclosure sale until after it took place. Faiella then received a letter from Ditech returning the second check and informing him that the amount of the check was not enough to reinstate his account. At this time, the Ditech representative that Faiella had spoken with told him that she did not know the correct reinstatement amount for his loan.

B.   State Proceedings

Following the foreclosure sale, Fannie Mae filed a possessory action against Faiella in state district court, seeking to obtain possession of the property. In response, Faiella argued that Fannie Mae could not obtain possession because the foreclosure was not valid. Faiella's defense to the possessory action brought the title of the property into question, which the district court lacked jurisdiction to adjudicate. For that reason, the district court ordered Faiella to file a plea of title under RSA 540:17. Faiella filed a plea of title action in state superior court, alleging a claim for wrongful foreclosure against Fannie Mae and Ditech.

#### C. Removal

Fannie Mae and Ditech removed Faiella's plea of title action to this court on the basis of diversity jurisdiction. Faiella now seeks to remand the case back to state court on the grounds that the plea of title action is part of the possessory action, which was not removed. Faiella also requests, alternatively, that the court abstain from hearing its plea of title.

#### D. Amended Complaint

After the case was removed, Faiella filed an amended complaint titled "FIRST AMENDED PLEA OF TITLE SEEKING DECLARATORY RELIEF, ATTORNEYS FEES AND OTHER EQUITABLE RELIEF AS A MATTER OF RIGHT." The single cause of action named in the amended complaint is wrongful foreclosure based on the representation to Faiella of the mortgage arrearage payoff amount, which Faiella alleges was wrong due to negligence, mistake, or fraud. Although the New Hampshire Debt Collection Practices Act is mentioned in the prayer for relief section of the complaint, no claim is brought under the Act.[1]

---

[1] Faiella is represented by counsel, and therefore, his pleadings are not entitled to the leniency that might be afforded pro se parties.

## Discussion

Faiella moves to remand this plea of title action to state court or, in the alternative, for this court to abstain from hearing this action. Fannie Mae and Ditech object.

In addition, Ditech moves to dismiss the amended complaint against it. Faiella objects.

A.   Motion to Remand or Abstain

   1. Remand

A defendant may remove any civil action brought in state court over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). Fannie Mae and Ditech removed this action on the basis of diversity jurisdiction. It is undisputed that this action, standing alone, satisfies the statutory requirements for diversity jurisdiction under the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Faiella contends, however, that this case is not removable because "it is simply a portion of [the] possessory action," which he argues, could not have been brought in this court. In response, Fannie Mae and Ditech argue that this action is independent of the possessory action.

Faiella cites no authority to support his assertion that this action is merely a part of the possessory action. The facts and governing law do not support his theory. In plea of title actions, the plaintiff seeks title to the property, which is different from the possession of the property at issue in a possessory action. See Bank of New York Mellon v. Cataldo, 161 N.H. 135, 138-39 (2010) (rejecting argument concerning district court's authority to award possession because it "conflates titles and possession"). New Hampshire district courts do not have jurisdiction over title issues. See RSA 502-A:14; RSA 540:16. Instead, a defendant in a possessory action who intends to challenge the validity of title to the property must "enter his action in the superior court . . . and [] prosecute his action in said court." RSA 540:17 (emphasis added).

Moreover, RSA 540:18 provides, in pertinent part, that "[a]fter the filing of . . . [a plea of title] . . . no further proceedings shall be had before the [district] court." The New Hampshire Supreme Court recently explained that this provision operates "to ensure that the district division does not rule upon the title action, which is beyond its jurisdiction, or proceed with the possessory action until the title action is resolved in the superior court or . . . the federal district court following removal." Fed. Home Loan Mortg. Corp. v.

7

Willette, 131 A.3d 950, 953 (N.H. 2016). The possessory action and this plea of title action are distinct and independent proceedings. Therefore, there is no merit to Faiella's assertion that this action is merely a part of the possessory action pending in state court.[2]

Therefore, Faiella's motion to remand is denied.

### 2. Abstention

Faiella contends, in the alternative, that the court should abstain from hearing this action based on the Wilton/Brillhard doctrine or the Burford abstention doctrine. Fannie Mae and Ditech object, arguing that neither doctrine is applicable to this case.

#### a. Wilton/Brillhart Abstention

Faiella invokes abstention based on the Wilton/Brillhart doctrine on the ground that he "intends to file a separate

---

[2] Faiella also argued in his reply, for the first time, that removal is improper because Fannie Mae and Ditech are not defendants under the removal statute. That argument is improper, however, because it is not in response to any argument in the defendants' objection. L.R. 7.1(e)(1) (restricting reply memoranda to "rebuttal of factual and legal arguments raised in the objection or opposition memorandum."). In any event, that argument fails because it is premised on the erroneous assertion that this action and the possessory action are the same proceeding.

action to quiet title and for damages in the Superior Court." Doc. no. 7 at 5. In response, Fannie Mae and Ditech argue that Brillhart is inapplicable here because there are no parallel actions pending in state court.

Under Wilton/Brillhart abstention, a district court has the discretion to stay or dismiss an action for declaratory relief when a parallel proceeding involving the same issues is pending in state court. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995). Abstention may be proper in such circumstances because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 282 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)). When assessing whether a stay or dismissal is appropriate, a district court should "examine 'the scope of the pending state court proceeding and the nature of defenses open there.'" Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995) (quoting Brillhart, 316 U.S. at 495).

Faiella has not identified any pending state proceeding presenting the same issues as those presented here. Rather, Faiella asserts that he might file an action and that such an action would involve the same issues presented here. Faiella's

intent to file a state court action is not a proper basis to stay or dismiss this declaratory action. Absent a pending state court proceeding, the efficiency and comity concerns underlying Wilton/Brillhart abstention are not present.

Therefore, the court will not dismiss or stay this action on the basis of Wilton/Brillhart abstention.

### b. Burford Abstention

Faiella also contends that the court should abstain from hearing this action based on the Burford abstention doctrine. The Burford doctrine prevents federal courts from interfering with the proceedings or orders of state administrative agencies when adequate state court review is available and:

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import ..."; or (2) where the "exercise of federal review ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 523-24 (1st Cir. 2009) (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989)).

"The fundamental concern in Burford is to prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution."

Sevigny v. Employers Ins. of Wausau, 411 F.3d 24, 27 (1st Cir. 2005) (internal quotations omitted). Because of this fundamental concern, Burford is not applicable where the state-law issues "are not discretionary policy or administrative judgments and could arise in any common-law action." Sevigny, 411 F.3d at 28.

Failla cites no administrative order or proceeding with which this action will interfere. Further, a wrongful foreclosure action does not invoke the type of administrative and policy judgments that are relevant to Burford abstention. Sevigny, 411 F.3d at 28.

Therefore, Burford abstention is inapplicable to this action.

B. Motion to Dismiss

Ditech moves to dismiss Faiella's complaint against it for wrongful foreclosure, arguing that it "neither foreclosed the Mortgage nor took title to the Property post-foreclosure." Faiella objects, arguing that Ditech is liable for its own tortious acts and that the amended complaint contains additional claims beyond wrongful foreclosure.

1. Standard of Review

A motion to dismiss is reviewed under Federal Rule of Civil Procedure 12(b)(6), which addresses whether the complaint states a claim on which relief may be granted.  See Jorge v. Rumsfeld, 404 F.3d 556, 558, 564 (1st Cir. 2005).  In conducting this review, the court "accept[s] as true all well-pled facts alleged in the complaint and draw[s] all reasonable inferences in the plaintiff's favor.  Yershov v. Gannett Satellite Info. Network, Inc., --F.3d --, 2016 WL 1719825, at *2 (1st Cir. Apr. 29, 2016).  "A plaintiff's allegations are sufficient to overcome a Rule 12(b)(6) motion if they contain 'enough facts to state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)).

2. Foreclosure Claim

Under New Hampshire law, a "mortgagee or his assignee" may conduct a non-judicial foreclosure pursuant to a power of sale clause contained in a mortgage.  See RSA 479:25.  The New Hampshire Supreme Court has held that "a mortgagee executing a power of sale is bound both by the statutory procedural requirements and by a duty to protect the interests of the mortgagor through the exercise of good faith and due diligence."  Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985).  Those

obligations, however, do not extend to parties other than the foreclosing mortgagee.  Gikas v. JPMorgan Chase Bank, N.A., 2013 WL 1457042, at *5 (D.N.H. Apr. 10, 2013) (granting summary judgment for servicer on foreclosure claims because "it is the mortgagee executing a power of sale, not the servicer" who must comply with the foreclosure statute and common law duties).[3]  Therefore, to state a foreclosure claim against Ditech, Faiella must show that Ditech was a foreclosing mortgagee.

In his amended complaint, Faiella alleges that Fannie Mae was assigned the mortgage and that it conducted the foreclosure.  The documents that Faiella references in his complaint and the foreclosure deed also show that Fannie Mae, not Ditech, was the party foreclosing on the property.  But for a conclusory allegation that Ditech "wrongfully foreclosed" on the property, doc. no. 1 at ¶ 11, there are no allegations in the amended complaint that Ditech participated in the foreclosure transaction or had any authority to do so.  Therefore, Faiella has not stated a plausible claim for relief against Ditech for wrongful foreclosure.

---

[3] Accord McDonald-Forte v. Merrill Lynch Mortg. Investors Tr., Series MLCC 2004-D, 2015 WL 4928715, at *3 (N.D. Ga. Aug. 18, 2015); Ancell v. U.S. Bank Trust, N.A., 2014 WL 2048200, at *3 (W.D. Mo. May 19, 2014); Main v. Nw. Tr. Servs. Inc., 2014 WL 1923896, at *3 (W.D. Wash. May 13, 2014).

13

Faiella asserts that his claim against Ditech cannot be dismissed because it also includes claims for violations of federal regulations and certain duties of good faith. The amended complaint, however, does not assert those claims. As Ditech points out, the only claim that the amended complaint asserts is a claim for wrongful foreclosure. Faiella may not amend his complaint through an objection to a motion to dismiss. See Fed. R. Civ. P. 15; L.R. 15.

Faiella also contends that Ditech is a necessary party under Rule 19 because it has an interest in this litigation and its absence will impede its ability to protect that interest. See Fed. R. Civ. P. 19(a)(1)(B)(i). In support, Faiella argues that a judgment in this case against Fannie Mae could bind Ditech under the doctrine of collateral estoppel in a future suit because (1) Ditech committed "the wrongful conduct alleged" and (2) Fannie Mae "has the same interest as Ditech." Doc. no. 19 at ¶ 24.

Faiella's argument is unpersuasive. Collateral estoppel only binds parties to the original litigation or those in privity to them. Daigle v. City of Portsmouth, 129 N.H. 561, 571-72 (1987). Faiella has not adequately explained how Ditech, in its absence, would be in privity to Fannie Mae in this

litigation.[4] Further, to the extent that Fannie Mae and Ditech have the same interest, that interest will be protected by Fannie Mae in this litigation. Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 10-12 (1st Cir. 2013). As the First Circuit has held, "the mere fact . . . that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party." Id. at 12 (quoting Pujol v. Shearson Am. Exp., Inc., 877 F.2d 132, 136 (1st Cir. 1989)).[5]

The court, therefore, dismisses Faiella's claim against Ditech.

---

[4] Faiella only provides the unsubstantiated assertion that Ditech will likely "control" the litigation for Fannie Mae in its absence.

[5] Faiella also contends that Ditech is a proper defendant because it is liable for its own wrongful conduct as Fannie Mae's agent. As discussed above, however, the amended complaint only asserts a claim for wrongful foreclosure. Because the allegations in the complaint do not give rise to a plausible inference that Ditech wrongfully foreclosed on the property, Faiella has failed to allege any claim that Ditech engaged in tortious conduct. Accordingly, Ditech's status as Fannie Mae's agent does not avoid dismissal.

Conclusion

For the foregoing reasons, plaintiff's motion to remand or abstain is denied (doc no. 6) and defendant's motion to dismiss (doc. no. 14) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge


June 23, 2016

cc:  Amy B. Hackett, Esq.
     David Himelfarb, Esq.
     William C. Sheridan, Esq.