UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ralph Faiella

v.

Civil No. 16-cv-088-JD
Opinion No. 2016 DNH 153

Green Tree Servicing LLC and Federal National Mortgage Association

O R D E R

Ralph Faiella brought a plea of title action in state court against the Federal National Mortgage Association ("Fannie Mae") and Green Tree Servicing LLC, now known as Ditech Financial LLC ("Ditech"), challenging the legality of a foreclosure that Ditech and Fannie Mae conducted on his residence. The defendants removed the case to this court. Fannie Mae moves to rescind the foreclosure sale, rescind a related foreclosure deed that it executed, and reinstate the mortgage with its original priority. Faiella objects. The court held a hearing on the motion on August 25, 2016.

A. Motion for Rescission

Fannie Mae "requests that the Court exercise its equitable powers and rescind the Foreclosure Sale and the Foreclosure Deed and restore the Mortgage to its pre-foreclosure priority." At

the hearing, Fannie Mae argued that its request was justified because Fannie Mae was merely providing Faiella the relief he requested in his complaint. In response, Faiella objects that the proposed rescission would preclude certain offsets and unasserted claims that he has against Fannie Mae arising out of the wrongful foreclosure. At the hearing, Faiella also asserted that Fannie Mae's request for relief was improper because Fannie Mae has not filed a counterclaim for rescission.

"Rescission is an equitable remedy the granting of which is always a matter within the sound discretion of the trial court, depending upon the circumstances of each particular case." Ellis v. Candia Trailers & Snow Equip., Inc., 164 N.H. 457, 462 (2012) (internal quotations omitted). Before a court can rescind a transaction, however, "the court must determine that the respective parties can be returned to the status quo." Derouin v. Granite State Realty, Inc., 123 N.H. 145, 147 (1983). That determination "rests upon the relative equities of the parties as determined by the trial court." Id. at 47-48. A court should grant rescission "only when in all the circumstances it appears right and just to the parties to do so." Mooney v. Nationwide Mut. Ins. Co., 149 N.H. 355, 357

(2003).[1] Because Fannie Mae is seeking the rescission, it bears the burden of proving that remedy is appropriate.

Fannie Mae's motion for the rescission seeks an affirmative remedy. Fannie Mae, however, has not filed a counterclaim seeking such a remedy. In the absence of a claim for rescission, Fannie Mae is not entitled to the relief it requests. See Vermont Mut. Ins. Co. v. Zamsky, 2012 WL 6864702, at *1 (D. Mass. Dec. 17, 2012), report and recommendation adopted (D. Mass. Jan. 11, 2013) ("[Defendants] seek to have the Court enter a declaratory judgment in their favor. In my judgment, they are not entitled to such affirmative relief because they did not file a counterclaim seeking affirmative relief.").

[1] Although the above-referenced cases concern the rescission of contracts, the rules of equity also apply when courts grant equitable relief from mortgage foreclosures. See Chase v. Ameriquest Mortg. Co., 155 N.H. 19 (2007) (noting that in action to enjoin mortgage foreclosure, "[a] court of equity will order to be done that which in fairness and good conscience ought to be or should have been done"); see also 59A C.J.S. Mortgages § 1167 ("The power to set aside a foreclosure sale is to be exercised with great care, and a proper basis for invoking the discretion of the court must be presented. A court of equity has the power to vacate a foreclosure sale based on considerations of equity and justice, but this power should be used sparingly and only when necessary for cogent reasons to correct a plain injustice or injury.").

Nevertheless, Fannie Mae contends that its request is proper because Faiella requested rescission in his plea of title action. Importantly, however, Faiella objects to the rescission remedy proposed by Fannie Mae. Therefore, even though both parties may contemplate rescission of the foreclosure, there are material differences concerning how such relief is to be implemented. Without bringing and proving an affirmative claim for rescission, Fannie Mae cannot unilaterally impose on Faiella its version of the equitable relief underlying his plea of title action.

Moreover, Fannie Mae fails to articulate any grounds supporting the rescission that it seeks. The motion only recounts the transactional history of Faiella's mortgage, but contains no factual or legal argument demonstrating that Fannie Mae is entitled to rescission. Fannie Mae does not admit and has not provided facts showing that a wrongful foreclosure occurred or that the equities at issue favor the rescission. Therefore, Fannie Mae has not met its burden of showing that it is entitled to the rescission remedy that it proposes.

B. Request to Amend Complaint

During the hearing on Fannie Mae's motion to rescind, Faiella requested an opportunity to amend his complaint to add damages claims against Fannie Mae. Given the early posture of

this case, the court will grant Faiella leave to file an amended complaint asserting his damages claims against Fannie Mae.

## Conclusion

For the foregoing reasons, defendant's motion to rescind the foreclosure sale and foreclosure deed (doc no. 25) is denied.

Faiella must file his amended complaint on or before **September 19, 2016.** Fannie Mae shall file a responsive pleading within the time allowed under the Federal Rules of Civil Procedure. If Faiella fails to amend his complaint, Fannie Mae is granted leave to amend its answer to the operative complaint in this action on or before **October 11, 2016.**

Both parties have filed proposed discovery plans. Doc. nos. 23-24, 28. Those discovery plans (doc. nos. 23-24, 28) are terminated as moot based on Faiella's anticipated amended complaint. The parties will submit a new joint discovery plan on or before **October 31, 2016.** See Fed. R. Civ. P. 26(f)(2)-(3); L.R. 26.1.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 29, 2016

cc: Amy B. Hackett, Esq.
David Himelfarb, Esq.
William C. Sheridan, Esq.