UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RALPH FAIELLA<br><br>      Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>      Defendant. | Civ. Action. No. 1:16-cv-00088-JD |

**DEFENDANT'S MOTION TO STRIKE
<u>PORTIONS OF THE AFFIDAVIT OF RALPH FAIELLA</u>
(MEMORANDUM OF LAW INCLUDED)**

Defendant Federal National Mortgage Association ("Fannie Mae") files this Motion to Strike portions of Plaintiff Ralph Faiella's ("Faiella") Affidavit (the "Affidavit") attached to Plaintiff's Opposition to Defendant's Limited Dispositive Motion. *See* Doc. Nos. 87-1 and 87-2, which are not based on Faiella's personal knowledge. As additional reasons therefor, Fannie Mae states as follows:

1. Under Fed. R. Civ. P. 56(f) a party may only include an affidavit to support (or oppose) a summary judgment motion if the attested to statements are "made on personal knowledge." Fed. R. Civ. P. 56 (f). For the sole purposes of its Limited Dispositive Motion Fannie Mae agreed to treat several of the allegations in the Complaint as undisputed facts. *See* Doc. No. 64-1, p. 4 (reserving the right to dispute any of the stated facts in any subsequent filing or procedure). Faiella's Affidavit not only attests to allegations treated as undisputed in the Limited Dispositive Motion, but also attests to matters of which he has no personal knowledge.

1

2.	Specifically, the Affidavit contains the following statements that cannot be based on personal knowledge:

- Each time, with Latosha as his SPOC, the bank accepted the personal check for arrearages as provided on Faiella's mortgage statement and ceased all collection efforts immediately. Affidavit ¶ 3.

- Latosha was fully aware of this prior course of conduct. *Id.* at ¶ 4.

- The SPOC did not have access to the system of record that contained all of the information with which the reinstatement figure could be calculated. *Id.* at ¶ 5.

- Unbeknownst to him, his mortgage statement was likewise inaccurate. It failed to contain the total amount required to cure the default on the date that it was issued. *Id.* at ¶ 6.

- In doing so, Latasha C did not tell Faiella that she did not have access to the total amount due to cure the default nor did anyone in her department and had no idea whether his mortgage statement was accurate or not. *Id.*

3.	These statements seek to attest to: (1) the personal knowledge of Latosha (a Ditech representative), (2) actions taken by the Bank (which may have included internal decisions or other actions that could have occurred without Faiella being aware of such), and (3) the accuracy of statements made by Ditech (the determination of which could only be made by reference to other documents, which are not cited to or included with the Affidavit). Consequently, such statements do not "concern facts" but rather present "conclusions, assumptions, or surmise." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st Cir. 2001); *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991) ("It is apodictic that an affidavit ... made upon information and belief ... does not comply with Rule 56(e)") (internal quotations omitted). Accordingly, in evaluating Fannie Mae's Limited Dispositive Motion, this Court cannot credit or consider such statements and they should be stricken. *See Crowley v. F.D.I.C.*, 841 F. Supp. 33,

37 (D.N.H. 1993) ("[T]he court finds that the statements based solely upon [the plaintiff's] "belief" do not meet the requirements of Rule 56(e).").

4. Moreover, none of these statements are material to the pending motion, which addresses legal issues raised by the pleading.

WHEREFORE, for the foregoing reasons, Fannie Mae respectfully requests that this Court strike those portions of Faiella's Affidavit, which are not based on his personal knowledge, and therefore are inadmissible under Fed. R. Civ. P. 56(f).

Respectfully Submitted,

Defendant

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
By its attorneys,

*/s/ Amy B. Hackett*
Amy B. Hackett (admitted pro hac vice)
David Himelfarb, NHBA #19754
MCCARTER & ENGLISH LLP
265 Franklin Street
Boston, MA 02110
ahackett@mccarter.com
dhimelfarb@mccarter.com
Tel. 617-449-6500
Fax  617-607-9200

November 27, 2017

## LOCAL RULE 7.1(C) CERTIFICATE

I, Amy B. Hackett, certify that a good faith attempt was made to obtain concurrence from Plaintiff's counsel for the relief sought in this Motion but I was unable to obtain a concurrence.

*/s/ Amy B. Hackett*
Amy B. Hackett

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of November, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system and sent by first class mail to all non-registered parties. Parties may access this filing through the Court's CM/ECF system.

*/s/ Amy B. Hackett*
Amy B. Hackett